**Slip Op. 07-43**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **SKF USA INC., SKF FRANCE S.A., SKF AEROSPACE FRANCE S.A.S., SKF GmbH, AND SKF INDUSTRIE S.p.A.,** |
| Plaintiffs, |
| v. |
| **THE UNITED STATES,** |
| Defendant, |
| and |
| **TIMKEN U.S. CORPORATION,** |
| Defendant-Intervenor. |

**Before:  Timothy C. Stanceu, Judge**

**Court No. 06-00270**

## OPINION AND ORDER

[Granting plaintiffs' motion to amend their summons and complaint to add a new claim]

Dated: March 23, 2007

*Steptoe & Johnson LLP* (*Herbert C. Shelley*, *Alice A. Kipel*, and *Susan R. Gihring*) for plaintiffs.

*Peter D. Keisler*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Claudia Burke*); *Mykhaylo Gryzlov*, Attorney-Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

*Stewart and Stewart* (*Geert M. De Prest* and *Terence P. Stewart*) for defendant-intervenor.

Stanceu, Judge:  Plaintiffs SKF USA Inc., SKF France S.A., SKF Aerospace France

S.A.S., SKF GmbH, and SKF Industrie S.p.A. (collectively, "plaintiffs" or "SKF"), having

brought this action to contest the final results that the United States Department of Commerce ("Commerce" or the "Department") issued in an administrative review of an antidumping duty order, move for leave to amend their summons and complaint in this action to add a new claim. The proposed new claim would contest the Department's application, upon implementing the final results of the administrative review, of a liquidation policy that it had announced in 2002. Under that policy, Commerce issues implementing liquidation instructions to the Bureau of Customs and Border Protection ("Customs") within fifteen days of the publication of the final results of an administrative review of an antidumping duty or countervailing duty order. Defendant United States and defendant-intervenor Timken U.S. Corporation do not consent to plaintiffs' motion to amend the pleadings. Defendant expressly opposes the motion to amend, alleging that amendment would be futile because, according to defendant, plaintiffs would lack standing to bring their proposed new claim. USCIT Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires[,]" and plaintiffs have pleaded facts sufficient to support a conclusion that subject matter jurisdiction and standing would exist with respect to the proposed new claim. The court therefore will grant plaintiffs' motion.

## I. BACKGROUND

Plaintiffs commenced this action on August 14, 2006 to contest certain aspects of the final results issued pursuant to 19 U.S.C. § 1675(a) (2000) in the Department's sixteenth administrative reviews of antidumping duty orders on ball bearings and parts thereof from France, Germany and Italy. Pls.' Compl. ¶ 1 (citing *Ball Bearings and Parts Thereof from France, Germany, Italy, Japan, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews*, 71 Fed. Reg. 40,064 (July 14, 2006) ("*Final Results*")). When

commencing this action, plaintiffs moved concurrently for a temporary restraining order and for a preliminary injunction to prevent Customs from liquidating entries made during the period of review, May 1, 2004 to April 30, 2005, that pertained to merchandise produced by or on behalf of plaintiffs. SKF's Mot. for a TRO; SKF's Mot. for a Prelim. Inj. to Enjoin Liquidation of Entries ("SKF's Mot. for a Prelim. Inj."). The Court of International Trade, on August 14, 2006, granted plaintiffs' motion for a temporary restraining order prohibiting liquidation and, on August 16, 2006, granted plaintiffs' motion for a preliminary injunction, to which defendant had consented. Aug. 14, 2006 Order Granting SKF's Mot. for a TRO; Aug. 16, 2006 Order Granting SKF's Mot. for a Prelim. Inj. Under the preliminary injunction order, the liquidation of entries of plaintiffs' merchandise is to remain enjoined during the pendency of this litigation, including all remands and appeals. Aug. 16, 2006 Order Granting SKF's Mot. for a Prelim. Inj. at 1.

In their summons and complaint, plaintiffs asserted subject matter jurisdiction pursuant to 28 U.S.C. § 1581(c) (2000). Pls.' Compl. ¶ 1. Under section 1581(c), the court has jurisdiction to review actions commenced under Section 516A of the Tariff Act of 1930 (19 U.S.C. § 1516a (2000)), including actions thereunder that contest final determinations issued by Commerce under 19 U.S.C. § 1675(a). For their proposed new claim, plaintiffs assert subject matter jurisdiction under 28 U.S.C. § 1581(c) and, alternatively, under 28 U.S.C. § 1581(i). Am. Compl. ¶ 1.

Plaintiffs' proposed new claim would contest the Department's application of the fifteen-day policy to the Final Results. *Id.* ¶ 7. Commerce announced the fifteen-day policy in August 2002. In the notice announcing the policy, Commerce stated that henceforth it would issue liquidation instructions to Customs within fifteen days of the publication of the final results of an

administrative review conducted under Section 751 of the Tariff Act of 1930, as amended (19 U.S.C. § 1675). *Announcement Concerning Issuance of Liquidation Instructions Reflecting Results of Administrative Reviews* (Aug. 9, 2002), *available at* http://www.ia.ita.doc.gov/download/liquidation-announcement.html. Plaintiffs plead as facts that Commerce, on or about fifteen days after the publication of the Final Results, issued instructions to Customs for the liquidation of entries affected by the Final Results, including the entries of the ball bearings produced by or on behalf of plaintiffs. Am. Compl. ¶ 21. They also allege that on August 10, 2006, twenty-five days after publication of the Final Results, Customs issued liquidation instructions to its field officers. "Thus, on or after August 10, 2006, SKF's entries could have been liquidated and such liquidation would have occurred less than thirty (30) days after the publication of the *Final Results*." *Id.*

The new claim that plaintiffs would bring in their proposed amended complaint, in contesting Commerce's application to the Final Results of the fifteen-day policy, specifically would contest both the decision by Commerce to issue liquidation instructions within fifteen days of the publication of the Final Results and Commerce's actual issuance of those instructions to Customs. Plaintiffs would challenge these agency actions based on an argument that the application of the fifteen-day policy violated 19 U.S.C. § 1516a(a)(2), which, plaintiffs submit, affords a party contesting the final results of an administrative review "the statutory right to wait thirty (30) days after the publication of the *Final Results* before filing its summons and an additional thirty (30) days before filing its complaint." *Id.* ¶ 23. Plaintiffs also would argue that the fifteen-day policy is inconsistent with the Court's Rules, which "give a party the right to wait 30 days after filing its complaint before seeking a preliminary injunction." *Id.* According to

plaintiffs, Commerce's fifteen-day policy was held to be contrary to law by the Court of International Trade in *Tianjin Mach. Imp. & Exp. Corp. v. United States*, 28 CIT __, 353 F. Supp. 2d 1294 (2004). *Id.*

Plaintiffs argue that amendment of the pleadings should be allowed because it would enable them to challenge before the court, in a single case, all actions taken by Commerce in connection with the Final Results. Mot. for Leave to File an Am. Summons and Am. Compl. 2. Defendant advocates denial of plaintiffs' motion, arguing that amending the summons and complaint would be futile. Opp'n to SKF's Mot. for Leave to File an Am. Summons and Am. Compl. 2-3 ("Def.'s Opp'n"). According to defendant, plaintiffs lack standing to bring the proposed new claim because they failed to allege an injury in fact. *Id.* at 3. Defendant contends that the harm plaintiffs allege they were caused by Commerce's policy of issuing liquidation instructions within fifteen days of publication of the final results of an administrative review is only hypothetical, not actual or imminent. *Id.* Defendant points to two circumstances as establishing that plaintiffs did not suffer an injury in fact sufficient to confer standing to bring the proposed new claim: the preliminary injunction prohibiting Customs from liquidating plaintiffs' entries, which injunction was entered by the Court of International Trade with defendant's consent, and the fact that none of plaintiffs' entries affected by the sixteenth administrative reviews has liquidated. *Id.* at 3-4.

## II. DISCUSSION

If a complaint is one to which no responsive pleading is permitted and if twenty days have transpired following service of that complaint, a party may amend the complaint only by leave of court or by consent of the adverse party; in that instance, "leave shall be freely given when justice

so requires." USCIT R. 15(a). With respect to Federal Rule of Civil Procedure 15(a), on which

USCIT Rule 15(a) is based, the Supreme Court has instructed that "[r]ule 15(a) declares that leave

to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). Futility of amendment is a

recognized ground on which a court, in its discretion, may deny leave to amend under Rule 15(a).

*See id.*

As a threshold issue in determining whether plaintiffs would have standing to bring their

proposed new claim, the court must decide whether plaintiffs may challenge the implementation

of Commerce's fifteen-day policy as a component of the agency determination they are contesting

under 19 U.S.C. § 1516a and 28 U.S.C.§ 1581(c), *i.e.*, the Final Results. If so, subject matter

jurisdiction over the proposed new claim would exist under 28 U.S.C. § 1581(c) and plaintiffs, as

participants in the sixteenth administrative reviews of the ball bearing order, could bring that

claim in reliance on 28 U.S.C. § 2631(c), under which "[a] civil action contesting a determination

listed in Section 516A of the Tariff Act of 1930 may be commenced in the Court of International

Trade by any interested party who was a party to the proceeding in connection with which the

matter arose." 28 U.S.C. § 2631(c) (2000).

In the Federal Register notice announcing the Final Results, Commerce stated that "[w]e

intend to issue appropriate assessment instructions directly to [Customs] within 15 days of

publication of these final results of reviews." *Final Results*, 71 Fed. Reg. at 40,066. According to

plaintiffs' argument, that statement of intent "is thus clearly part of the agency's final

determination." SKF's Reply to Def.'s Opp'n to SKF's Mot. for Leave to File an Am. Summons

and Am. Compl. 2 ("SKF's Reply"). The court is unable to agree with plaintiffs on this point. At

the time of issuance of the Final Results, Commerce had yet to take the action of issuing

implementing liquidation instructions.  The language in the Federal Register notice to which

plaintiffs direct the court's attention is a statement of a *present* intention on the part of Commerce

to take, within fifteen days of the publication of the Final Results, the *future* action of instructing

Customs to liquidate, in accordance with the Final Results, the affected entries.  In that respect,

the issuance of the liquidation instructions is an agency action that is separate from the Final

Results and that may not be contested under 19 U.S.C. § 1516a.  Therefore, a cause of action by

which plaintiffs could contest, according to the facts alleged in the proposed amended complaint,

the application of the fifteen-day policy during the implementation of the Final Results did not

arise under 19 U.S.C. § 1516a.  Consequently, if the court were to grant plaintiffs' motion to

amend the pleadings, the court would not have jurisdiction under 28 U.S.C. § 1581(c) to

adjudicate plaintiffs' proposed new claim.

The court considers next the issue of whether plaintiffs could contest the application of the

fifteen-day policy and the issuance of liquidation instructions according to plaintiffs' alternate

claim of subject matter jurisdiction, which relies upon 28 U.S.C. § 1581(i).  Under 28 U.S.C.

§ 1581(i)(4), the court has "exclusive jurisdiction of any civil action commenced against the

United States . . . that arises out of any law of the United States providing for . . . administration

and enforcement with respect to the matters referred to in [§ 1581(a)-(h) and § 1581(i)(1)-(3)]."

Subject matter jurisdiction over actions contesting liquidation instructions has been found to exist

in the Court of International Trade pursuant to § 1581(i)(4) as it relates to § 1581(i)(2), on the

reasoning that such actions arise out of a law of the United States providing for administration and

enforcement with respect to the matters referred to in § 1581(i)(2), *i.e.*, tariffs, duties, fees, or

other taxes on the importation of merchandise for reasons other than the raising of revenue. *See*

*Shinyei Corp. of Am. v. United States*, 355 F.3d 1297, 1304-05 (Fed. Cir. 2004); *Consol. Bearings*

*Co. v. United States*, 348 F.3d 997, 1002-03 (Fed. Cir. 2003); *Mukand Int'l Ltd. v. United States*,

30 CIT __, Slip Op. 06-130 (Aug. 31, 2006). That reasoning is applicable to the facts on which

plaintiffs base their proposed amended complaint. The court concludes that under 28 U.S.C.

§ 1581(i) it would have jurisdiction over the subject matter of plaintiffs' proposed new claim.

In arguing that amending the pleadings to allow plaintiffs' proposed new claim would be

futile because plaintiffs lack standing, defendant asserts that the proposed new claim "asserts only

hypothetical harm" and does not result from an injury in fact that is sufficient to establish standing

under Article III of the United States Constitution and the Administrative Procedure Act ("APA").

Def.'s Opp'n 3.

> As SKF must concede, no entries were actually liquidated; therefore, Commerce's
> instructions to Customs did not harm SKF in any way. Although SKF may have
> been minimally burdened by its successful efforts to prevent Customs from
> liquidating its entries (including an unopposed motion for preliminary injunction),
> the success of its efforts make it impossible to demonstrate injury in fact.

*Id.* Defendant views plaintiffs' proposed new claim as one on which no relief can be granted

because the granting of the consent motion for a preliminary injunction has prevented any of

plaintiffs' entries from liquidating during the pendency of the litigation. Defendant argues that

"what SKF effectively seeks is a statement from the Court that Commerce's practice [of ordering

liquidation within fifteen days of publication of the final results of an administrative review] is

contrary to law." *Id.* at 4. Defendant views such a statement as constituting merely an advisory

opinion, issuance of which would be precluded by Article III, which limits the exercise of the

judicial power to cases and controversies. *Id.*

An action of which the Court of International Trade has jurisdiction under 28 U.S.C. § 1581(i) "may be commenced in the court by any person adversely affected or aggrieved by agency action within the meaning of section 702 of title 5." 28 U.S.C. § 2631(i). In 5 U.S.C. § 702, the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The harm alleged by plaintiffs arises in large part from the necessity that they engage in a process to ensure that they do not experience the more serious and irreparable harm that they claim would result should their entries be liquidated before injunctive relief prohibiting liquidation is obtained. That process is directed to seeking, from the Court of International Trade, an order imposing a preliminary injunction against liquidation that will extend throughout a judicial review of the Final Results and a temporary restraining order to prevent Customs from liquidating the entries during the time required to obtain such a preliminary injunction. Plaintiffs allege additional harm in being deprived of the full time period allowed by statute for the preparation and filing of a summons and complaint to challenge the Final Results. *See* Am. Compl. ¶ 23; 19 U.S.C. § 1516a(a)(2)(A) (allowing thirty days for filing of a summons and thirty days thereafter for filing of a complaint). Plaintiffs allege that they also were deprived of the period of thirty days following filing of the complaint that is provided to them by the Rules of the Court of International Trade for the filing of a motion for a preliminary injunction. *See* Am. Compl. ¶ 23; USCIT R. 56.2(a) ("Any motion for a preliminary injunction to enjoin the liquidation of entries that are the subject of the action shall be filed by a party to the action within 30 days after the date of service of the complaint, or at such later time, for good cause shown.").

The court is unable to agree with defendant's argument that, given the nature of the harm plaintiffs are able to allege, plaintiffs' proposed new claim is one on which relief cannot be granted. The fact that a plaintiff contesting the results of an administrative review succeeds in obtaining, on an expedited basis, a temporary restraining order and preliminary injunction against liquidation before Customs liquidates any entries of its merchandise according to Commerce's instructions does not compel the conclusion that such a litigant is not adversely affected by Commerce's action. Such a litigant incurs the costs and inconveniences of identifying the aspects of the agency decision that it will contest in its complaint, preparing its pleadings, applications and motions, seeking the government's consent to an injunction (and possibly litigating issues pertaining to expedited injunctive relief on which consent is not obtained), all in a very short time period. If the liquidation instructions directed or allowed for immediate liquidation by Customs of the affected entries, that time period could be as short as fifteen days. Were the court to accept defendant's argument that plaintiffs lack standing to pursue their proposed new claim, it would have to conclude that a plaintiff situated as are these plaintiffs effectively could never challenge the implementation of the fifteen-day policy unless it were willing to subject itself to the harm that would follow from allowing its entries to liquidate in accordance with the contested results of an administrative review. The court declines to reach such an untenable conclusion, which effectively would place Commerce's fifteen-day policy beyond judicial review.

The court does not agree with defendant's argument that any relief obtained upon plaintiffs' proposed new claim would "amount to an advisory opinion[,]" which "[t]his Court is prohibited from rendering . . . ." Def.'s Opp'n 4 (citing U.S. Const. art. III, § 2). A claim may present an actual case or controversy, and therefore not be moot for purposes of the exercise of the

Article III judicial power, "if the action 'originally complained of is capable of repetition, yet evading review.'" *Torrington Co. v. United States*, 44 F.3d 1572, 1577 (Fed. Cir. 1995) (quoting *Honig v. Doe*, 484 U.S. 305, 318 (1988) (internal quotation marks and citation omitted)). In *Torrington Co.*, the Court of Appeals for the Federal Circuit held that a challenge to the method by which Commerce, in an administrative review of an antidumping duty order, had determined the cash deposit rate was not moot under Article III even though the cash deposit rate had been superseded by subsequent reviews and therefore was no longer in effect. *Id.* The Court of Appeals stated that this exception to mootness requires that the challenged action be too short in duration to be fully litigated prior to expiration or cessation and that there be a reasonable likelihood that the party again will suffer the injury that gave rise to the suit. *Id.* Both conditions are met here. The time period during which Commerce applied the fifteen-day policy was extremely short, precluding full litigation at the time, and plaintiffs are likely to be confronted with the identical situation in subsequent administrative reviews.

Defendant's argument is correct in one limited respect: any relief that the court might grant upon plaintiffs' challenge of the implementation of the Final Results would be of no benefit to plaintiffs in the context of the sixteenth administrative reviews of the ball bearing antidumping duty order. Plaintiffs already have obtained a preliminary injunction prohibiting Customs from implementing the liquidation instructions received from Commerce to affect plaintiffs' entries in the sixteenth administrative reviews. Plaintiffs do not seek money damages for the expense of obtaining that injunction, and ordinarily no such damages are available. It does not follow, however, that plaintiffs would be unable to benefit from another form of relief, such as the form of relief plaintiffs appear to seek in their proposed amended complaint, *i.e.*, a declaratory

judgment that Commerce's application of the fifteen-day policy, by means of liquidation instructions affecting their entries, was contrary to law. *See* Am. Compl. ¶ 23 & PRAYER FOR RELIEF. Plaintiffs point out that SKF has participated in most of the sixteen administrative reviews of the ball bearing antidumping duty order that have been conducted to date, is participating in the seventeenth administrative review, and is highly likely to participate in future reviews after that, during each of which reviews the issue of the application of the fifteen-day policy to plaintiffs' entries will arise again. SKF's Reply 7 & n.7.

For the above-stated reasons, the court concludes that plaintiffs have demonstrated standing to bring their proposed new claim. Moreover, the court perceives no prejudice to defendant or defendant-intervenor from allowing this litigation to proceed upon plaintiffs' proposed amended complaint. No party has raised a claim of such prejudice. To ensure procedural fairness, the court will consider motions in which a party seeks a modification of the scheduling order to allow sufficient time to address issues arising from plaintiffs' additional claim.

In ruling on plaintiffs' motion, the court's conclusions are confined to the narrow question of whether the motion for leave to amend the pleadings satisfies the standard of USCIT Rule 15(a), which question requires resolution of the specific issues of subject matter jurisdiction and standing with respect to plaintiffs' proposed new claim. The court implies no conclusions with respect to the merits of that claim. In allowing the amendment of the pleadings, the court is providing the parties the opportunity to brief the various issues raised by that new claim, including issues pertaining to the construction of the relevant statutory provisions, to the specific liquidation

instructions by which Commerce applied the Final Results to entries of plaintiffs' merchandise, and to the relief, if any, to which plaintiffs may be entitled.

### III. CONCLUSION

In support of their motion to amend the summons and complaint to include a claim challenging the application of Commerce's fifteen-day policy, plaintiffs have pleaded facts sufficient to establish the existence of subject matter jurisdiction over the proposed new claim and the standing of plaintiffs to bring such a claim. At this stage of the litigation, no prejudice to defendant or defendant-intervenor would result from the court's granting plaintiffs' motion for leave to file an amended summons and an amended complaint. Therefore, the granting of leave to amend the summons and complaint will fulfill the purposes of USCIT Rule 15(a).

### ORDER

For the reasons stated in the foregoing Opinion, and in consideration of all submissions filed herein, it is hereby

**ORDERED** that plaintiffs' Motion for Leave to File an Amended Summons and Amended Complaint ("Motion to Amend"), filed on October 3, 2006, be, and hereby is, GRANTED; it is further

**ORDERED** that SKF's Motion for Leave to File a Reply to Defendant's Opposition to SKF's Motion for Leave to File an Amended Summons and Amended Complaint ("Motion to File a Reply"), filed on October 23, 2006, be, and hereby is, GRANTED; it is further

**ORDERED** that plaintiffs' Amended Summons and plaintiffs' Amended Complaint, in the form in which they were submitted with plaintiffs' Motion to Amend, be, and hereby are, deemed to be filed; it is further

**ORDERED** that SKF's Reply to Defendant's Opposition to SKF's Motion for Leave to File an Amended Summons and Amended Complaint, in the form in which it was submitted with plaintiffs' Motion to File a Reply, be, and hereby is, deemed to be filed; it is further

**ORDERED** that defendant, within forty (40) days of the date of entry of this Order, in accordance with USCIT Rule 73.3, shall supplement the official record of this action with the items that are appropriate for inclusion therein as a result of the filing of plaintiffs' Amended Complaint; it is further

**ORDERED** that defendant, in supplementing the official record of this action with the items required to be filed by USCIT Rule 73.3, shall include any liquidation instructions that were provided to the Bureau of Customs and Border Protection and that pertain to the subject matter of this case, and any resulting instructions that the Bureau of Customs and Border Protection provided to its field offices; it is further

**ORDERED** that defendant, in supplementing the official record of this action, as required by USCIT Rule 73.3(a)(3), shall file under seal, for inclusion in the confidential portion of such official record, any supplemental material that was obtained on a confidential basis; and it is further

**ORDERED** that any motion of a party seeking a modification of the scheduling order, as entered by the court on November 27, 2006, to allow for additional time necessitated by the amendment of plaintiffs' complaint shall be filed within twenty (20) days of the date of entry of this Order.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: March 23, 2007
New York, New York